UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHELE BRANT,
          Plaintiff,

vs

COUNTY OF DUTCHESS and
DUTCHESS COUNTY BOARD OF ELECTIONS,
          Defendant.

---

COMPLAINT

'05 CIV. 10590

JUDGE McMahon

The Plaintiff, Michele Brant, as and for her verified complaint, as against the County of Dutchess and the Dutchess County Board of Elections, hereby alleges the following:

## I. THE PARTIES

1. That Plaintiff, Michele Brant, at all times mentioned herein, was and still is a resident of the County of Dutchess, State of New York, and she is a citizen of the United States of America.

2. That Defendant, County of Dutchess, is a municipal corporation duly created and existing pursuant to the laws of the State of New York.

2. That the Dutchess County Board of Elections is a duly constituted board of the County of Dutchess, created and existing pursuant to the laws of the County of Dutchess and the State of New York. .

4. That the Plaintiff, Michele Brant, at all times mentioned herein, was an employee of the defendants, County of Dutchess and the Dutchess County Board of Elections.

## II. JURISDICTION and VENUE

5. This action seeks enforcement of Plaintiff's rights pursuant to 42 U.S.C.§2000e, and as such jurisdiction is provided by 28 U.S.C. §§1331 and 1343 (a)(4) and 42 U.S.C.§2000e-5 (f)(3).

6. Venue is appropriate in the U.S. District Court, Southern District of New York, as all of

the parties are residents of Dutchess County, and the events which form the basis of this action occurred in Dutchess County, New York.

## III. FACTUAL ALLEGATIONS

7. That Defendant, County of Dutchess employs greater than 15 people for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is engaged in an " industry affecting commerce " as that term is defined in 42 U.S.C. § 2000e (h).

8. That Defendant Dutchess County Board of Elections is composed of 12 employees of Defendant County of Dutchess.

9. That, Carl T. Sassaman, was, between December 2004 and the beginning of April 2005, an employee of Defendant Duchess County Board of Elections and the County of Dutchess.

10. That Plaintiff, Michele Brant, during the period from December 2004 to date, was and still is an employee of the Defendants Dutchess County Board of Elections and the County of Dutchess.

11. That, Carl T. Sassaman, between December 2004 and the beginning of April 2005, made several unwanted sexual advances toward Plaintiff, Michele Brant, and he engaged in stalking of the Plaintiff as well.

12. That, on or about April 1, 2005, as a result of the above-described behavior of Carl T. Sassaman, Defendant, County of Dutchess, obtained the resignation of Mr. Sassaman.

13. Thereafter, by letter dated April 11, 2005, Mr. Sassaman contacted Roger Higgins, Minority Leader of the Dutchess County Legislature.

14. That Mr. Sassaman's letter dated April 11,2005, contained a significant degree of information regarding the Plaintiff's alleged extra-marital behavior both at work and outside of work.

15. Plaintiff denies the allegations set forth in Mr. Sassaman's letter of April 11, 2005 regarding her alleged sexual activity.

16. That, at some point after the April 11, 2005 letter from Mr. Sassaman was received by Roger Higgins, said letter came into the possession of Dutchess County Deputy Elections Commissioner John Ballo.

17. That said John Ballo did proceed to make copies of the April 11, 2005 letter and did distribute copies of same to numerous people employed by Defendant County of Dutchess and Defendant Dutchess County Board of Elections.

18. That as a result of Deputy Commissioner John Ballo's act of distributing copies of the April 11, 2005 letter, Plaintiff became the subject of sexual comments, sexual jokes, rumors, harassment, and ridicule by her co-workers.

19. That, a copy of said letter was mailed to Plaintiff's husband at Plaintiff's home address.

20. That, despite the sexual comments, sexual jokes, rumors, harassment and ridicule by Plaintiff's co-workers, Defendants County of Dutchess and Dutchess County Board of Elections failed to take prompt and remedial action to discipline John Ballo.

21. Furthermore, Deputy Commissioner John Ballo was of sufficient stature with the Defendants County of Dutchess and Dutchess County Board of Elections as to impute his actions to the Defendants themselves.

22. That, as a result of the actions set forth above, the Defendants have discriminated against the Plaintiff with respect to the terms, conditions or privileges of her employment, in both creating and allowing a hostile work environment, because of Plaintiff's sex, in violation of 42 U.S.C.§2000e-3(a)(1).

23. As a result of the creation and allowance of such hostile work environment, Plaintiff has

sustained damages in the nature of shame, humiliation, emotional distress and loss of reputation.

24. By reason of the foregoing, Plaintiff has been damaged in the sum of $250,000.00

## COMPLIANCE WITH PROCEDURE

25. That Plaintiff has properly and timely filed a charge with the Equal Employment Opportunity Commission, and has received a "right to sue" letter.

26. Plaintiff brings this action within 90 days of receipt of said right to sue letter.

## JURY DEMAND

27. Plaintiff demands a trial by jury of this action.

## ATTORNEY"S FEE

28. Plaintiff seeks an award of her attorney's fee pursuant to 42 U.S.C.§2000e-5 (k), in an amount to be determined by the Court.

Wherefore, Plaintiff, Michele Brant, respectfully seeks judgment as against the Defendants herein in the sum of $250,000.00 together with an award of attorney's fees, and the costs and disbursements associated with the prosecution of this action, along with such injunctions or other relief, as to the Court may seem just and proper.

Dated:   November 23, 2005

Yours, etc,

Russell A. Schindler, Esq.
245 Wall Street
Kingston, NY 12401
(845) 331-4496
Southern District Bar #RS8666